THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT C. BLEITNER, Defendant-Appellant.

Fourth District   No. 4—89—0145

Opinion filed June 27, 1990.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Terence M. Madsen, Assistant Attorney General, both of Chicago, and Nathan P. Maddox, Assistant Attorney General, of Springfield, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant, Robert C. Bleitner, was charged by indictment in Calhoun County case No. 88—CF—3 with the offense of criminal sexual assault. (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3).) The indictment alleged on March 12, 1988, defendant had sexual intercourse with his 17-year-old stepdaughter, D.F. Defendant pleaded guilty to the offense and was later sentenced to an extended term of 22 years' imprisonment to run consecutively with a sentence previously imposed in Calhoun County case No. 88—CF—14. Defendant appeals, alleging the trial court committed errors in accepting his plea of guilty and in sentencing. We affirm.

On June 2, 1988, while defendant was released on bond for the offense of criminal sexual assault, defendant was arrested for attempting to place a pipe bomb on the car of Calhoun County State's Attorney Charles Birch. The motive for this attempt on Birch's life allegedly stemmed from Birch's prosecution of defendant for the offense of criminal sexual assault in this case. (See *People v. Bleitner* (1989), 189 Ill. App. 3d 971, 546 N.E.2d 241.) As a result of the June 2 incident, defendant was indicted and later convicted in case No. 88—CF—14 for unlawful use of weapons (Ill. Rev. Stat. 1987, ch. 38, par. 24—1(a)(7)), conspiracy to commit murder (Ill. Rev. Stat. 1987, ch. 38, par. 8—2(a)), and attempt (first degree murder) (Ill. Rev. Stat. 1987, ch. 38, par. 8—4(a)). On December 7, 1988, defendant was sentenced to concurrent terms of 28 years' imprisonment for attempt (first degree murder) and 5 years' imprisonment for unlawful use of weapons.

Immediately following the imposition of sentence on December 7, 1988, the trial court asked whether a jury trial on the sexual assault charge would be held the following week. Counsel for defendant informed the court defendant wished to immediately plead guilty to the criminal sexual assault charge. Defense counsel advised the court defendant's decision to plead was against his advice. The court admonished defendant of his rights and the possible penalties which could be imposed. In response to the court's questioning, defendant stated he was not pleading guilty because he was in fact guilty but as a matter of convenience. The State provided a factual basis for the plea, and the court accepted defendant's plea of guilty after stating defendant had not demonstrated anything to indicate to the court he did not understand the nature of the possible penalties or the waiver of his rights. The court refused defendant's request to be sentenced on that day.

A sentencing hearing was held on December 14, 1988. The court again admonished defendant concerning possible penalties and asked defendant if he wished to withdraw his guilty plea for any reason. Defendant stated he did not.

D.F. testified at the sentencing hearing stating defendant is her stepfather and on March 12, 1988, she was 17 years old. On this date, she and defendant were together in the family car running errands. Defendant drove and D.F. sat in the passenger's seat. Defendant told D.F. he had to stop at the river landing. Once at the landing, defendant turned off the ignition, unzipped his pants, and took out his penis. Defendant moved D.F. to the middle of the seat and removed her clothing. Defendant made D.F. touch his penis and massage it for

about five minutes. D.F. told defendant she was mad at him and she hated him. Defendant responded she would just have to get mad at him and by her doing this, it might help the relationship between himself and her mother. Defendant then penetrated D.F.'s vagina with his penis. Defendant later withdrew his penis and ejaculated on a towel. Defendant grabbed D.F.'s hand and put it on his penis again. Defendant also entered D.F. for a second time.

After leaving the landing, defendant dropped D.F. off at a friend's house. D.F. told her friend what had happened. When D.F. returned home later that day, she told her sister and mother what had happened.

Defendant testified on his own behalf at the sentencing hearing stating he never sexually assaulted his stepdaughter. Defendant further stated that in January 1987, D.F. gave birth to a child which defendant made her put up for adoption. D.F. has resented him ever since.

The State requested defendant be sentenced to the maximum extended term of 30 years' imprisonment. The trial court sentenced defendant to an extended term of 22 years' imprisonment to run consecutively with the sentence imposed in case No. 88—CF—14.

On January 12, 1989, defendant filed motions to withdraw his guilty plea and to reduce his sentence. In the motion to withdraw the guilty plea, defendant alleged his plea was not voluntary as it resulted from a combination of emotional distress and mental disorders and he had pleaded guilty due to his desire to conclude the proceedings rather than based on his belief he was indeed guilty. The trial court denied both motions. On appeal, defendant alleges the trial court erred in accepting his plea because at the time of pleading guilty he repeatedly claimed his innocence, had just been sentenced to 28 years' imprisonment, and was mentally ill.

■ Contrary to defendant's allegations, the trial court is not precluded from accepting a plea of guilty in spite of a defendant's claim of innocence if the record reflects a factual basis from which a jury could find the defendant guilty. (*People v. Barker* (1980), 83 Ill. 2d 319, 415 N.E.2d 404.) Moreover, even though the plea had already been accepted, facts disclosed at the sentencing hearing can be considered in determining whether an adequate factual basis for the plea has been established. *People v. Warship* (1972), 6 Ill. App. 3d 461, 285 N.E.2d 224.

■ Here, the record shows the State gave a detailed factual basis for the plea which included corroborating forensic tests and physical evidence. Defense counsel agreed the facts recited by the State were

substantially correct and could be proved. This factual basis was further corroborated by D.F.'s testimony at the sentencing hearing. Accordingly, the trial court did not err in accepting defendant's plea despite his claim of innocence.

■ Second, no error occurred in accepting defendant's plea of guilty on the same day he had been sentenced to a term of 28 years' imprisonment in case No. 88—CF—14. The record shows the trial court went to great lengths to protect defendant's interests and to insure his decision was voluntarily made after an opportunity to reflect and consult with counsel. A lengthy colloquy occurred between the trial court and defendant prior to the acceptance of his plea. The trial court patiently admonished defendant of his rights pursuant to Supreme Court Rule 402 (107 Ill. 2d R. 402). The trial court denied defendant's request for an immediate sentence and suggested defendant use the time between the plea and sentence to consult with counsel and to reconsider his decision. At sentencing a week later, the trial court again gave defendant lengthy admonitions and provided defendant with an opportunity to withdraw his guilty plea. Under these circumstances, defendant cannot now maintain his plea was tainted by the imposition or "shock" of the sentence in case No. 88—CF—14.

■ Last, the test of the competency of a defendant is the same whether the defendant is standing trial or pleading guilty. (*People v. Heral* (1976), 62 Ill. 2d 329, 342 N.E.2d 34.) Both require a defendant must be able (1) to understand the nature and purpose of the proceedings against him and (2) to assist in preparing his defense. (Ill. Rev. Stat. 1987, ch. 38, par. 104—10.) As such findings are made in advance of trial or plea, a trial court must always be alert to circumstances suggesting a change in the defendant. *Heral*, 62 Ill. 2d at 337, 342 N.E.2d at 38.

■ On October 13, 1988, a hearing was held to determine defendant's fitness to stand trial for both the offense of criminal sexual assault in case No. 88—CF—3 and attempt (first degree murder) in case No. 88—CF—14. After the presentation of both expert and lay witness testimony, the trial court found defendant competent to stand trial for both these offenses. We affirmed the trial court's decision in *People v. Bleitner* (1989), 189 Ill. App. 3d 971, 546 N.E.2d 241. In doing so, we held the mere fact a psychiatrist expressed the opinion defendant was unfit did not mandate a similar finding by the trial court, as the ultimate issue of fitness is for the trial court, not the experts, to decide. See *Bleitner*, 189 Ill. App. 3d at 976, 546 N.E.2d at 245.

■ Here, the trial court evaluated and reaffirmed its fitness deci-

sion both prior to accepting defendant's plea and prior to sentencing. The trial court found nothing had changed to alter its original decision. Particularly, the trial court noted defendant's response at the sentencing hearing to the State's question whether defendant was aware of all the evidence the State had against him on this charge. Defendant responded he was aware of what the State said existed even though he did not think it did. Defendant continued by stating all he was doing was beating the State at its own game. The trial court acknowledged for the record defendant has made such statements and actions in a knowing attempt to manipulate the record and in some way to muddy the waters in this case and in case No. 88—CF—14.

It is clear from the record defendant understood the nature and purpose of the proceedings against him and was able to assist in preparing his defense. After nearly a two-month lapse, the trial court was properly alert to circumstances suggesting change. Finding none, the trial correctly found defendant fit to plead.

■ Defendant further contends the trial court erred in sentencing. Specifically, defendant alleges the trial court inappropriately considered the crime was committed by force and the trial court mistakenly believed defendant could have been charged and convicted of a Class X felony. However, defendant failed to raise these issues in his motion to withdraw his guilty plea, or in his motion to reduce sentence, which was filed simultaneously. Any issue not raised by the defendant in a motion to withdraw the plea of guilty and vacate the judgment is deemed waived. (107 Ill. 2d R. 604(d).) We review these issues only to determine whether they constitute plain error.

■ At the hearing on defendant's motion to withdraw his guilty plea, defense counsel argued if the offense had occurred two months later it would not have even been a crime, as the victim had only been two months shy of her 18th birthday. In refusing defendant's motion, the trial court recognized defendant had been charged under section 12—13(a)(3) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3)), which states the accused commits criminal sexual assault if he commits the act of sexual penetration with a victim who was under the age of 18 and the accused was a family member. However, the court further recognized the State could have elected to charge the defendant under section 12—13(a)(1) of the Code, which states the accused commits criminal sexual assault if he commits an act of sexual penetration by the use of force or threat of force. (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(1).) The trial court stated the evidence would have supported a conclusion force was used

as force does not require threats of physical force or use of a weapon. The trial court recognized defendant was not charged under section 12—13(a)(1) and stated it merely pointed out the possibility of a conviction under section 12—13(a)(1) to refute defense counsel's argument regarding the victim's age.

In response to the same argument by defense counsel, the trial court also stated the State could have charged this offense as a Class X felony. It is unclear as to what statute the trial court was referring to as at all other times the trial court correctly referred to this offense as a Class 1 felony. Moreover, the paragraph in which the trial court refers to a Class X felony begins by "[w]ell, it's really not that important" and ends by stating, "It really was not a factor in the sentencing process in this case, but I wanted to bring that up since you had raised it in your written motion."

Clearly, the trial court did not consider these factors in sentencing defendant. When taken in context, these statements are merely responses to an erroneous argument raised by defense counsel. Defendant was not prejudiced by these statements nor do they constitute plain error.

Last, defendant alleges his sentence to an extended term of 22 years' imprisonment for the offense of criminal sexual assault is an abuse of discretion. In support, defendant cites other sexual assault cases where the sentences have been more lenient.

■ The imposition of a sentence is a matter of judicial discretion, and in the absence of an abuse of discretion, the sentence may not be altered on appeal. The trial judge is normally in a better position to determine the punishment imposed than the court of review. Accordingly, the trial judge's decision is entitled to great deference and weight. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

■ There was no abuse of discretion in this case. The trial court correctly found defendant qualified for an extended term pursuant to section 5—8—2 of the Unified Code of Corrections as defendant had been convicted of a felony after having been previously convicted in Illinois for a greater class felony within 10 years. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—2.) Moreover, the court correctly found defendant eligible for a consecutive sentence pursuant to section 5—8—4(a) of the Unified Code of Corrections because at the time of sentencing, defendant was already subject to sentence in this State. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—4(a).) The court denied the State's request for a maximum sentence of 30 years because of defendant's lack of prior criminal convictions. The court imposed a sentence of 22 years, citing defendant's danger to society as evidenced by his convic-

154

tions for criminal sexual assault and attempt (first degree murder).

The trial court appropriately considered the applicable statutes and circumstances in this case. The cases cited by defendant are not relevant, as they involve substantially different circumstances. Accordingly, the trial court did not abuse its discretion in sentencing defendant.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.