THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT C. BLEITNER, Defendant-Appellant.

Fourth District   No. 4—91—0618

Opinion filed April 15, 1992.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles H. Burch, State's Attorney, of Hardin (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Robert C. Bleitner appeals the Calhoun County circuit court's dismissal of his *pro se* post-conviction petition filed pursuant to the Post-Conviction Hearing Act (Act) (Ill. Rev. Stat. 1989, ch. 38, pars. 122—1 through 122—8). He argues the dismissal is void because it was entered, but not filed by the circuit clerk, within 30 days after

he filed his petition. He also argues because the petition adequately established claims of ineffective assistance of trial and appellate counsel, the court improperly dismissed his petition. We reject defendant's arguments.

On March 12, 1988, defendant was indicted in Calhoun County case No. 88—CF—3 for the alleged criminal sexual assault of his 17-year-old stepdaughter. (Ill. Rev. Stat. 1987, ch. 38, par. 12—13(a)(3).) Before defendant pleaded guilty in No. 88—CF—3, he was arrested for attempting to place a pipe bomb in the car of the Calhoun County State's Attorney who was prosecuting him for the alleged sexual assault offense. For this action, he was convicted of unlawful use of weapons (Ill. Rev. Stat. 1987, ch. 38, par. 24—1(a)(7)), conspiracy to commit murder (Ill. Rev. Stat. 1987, ch. 38, pars. 8—2(a), 9—1), and attempt (first-degree murder) (Ill. Rev. Stat. 1987, ch. 38, pars. 8—4(a), 9—1). Defendant was sentenced to concurrent terms of 28 years' imprisonment for attempt, and 5 years for unlawful use of weapons. No sentence was imposed on the conspiracy offense. We affirmed this conviction. *People v. Bleitner* (1989), 189 Ill. App. 3d 971, 546 N.E.2d 241 (hereinafter *Bleitner I*).

Defendant pleaded guilty in the criminal sexual assault case, No. 88—CF—3, against his counsel's advice. On December 14, 1988, the trial court imposed an extended term of 22 years to run consecutively to his prior sentence for the pipe bomb incident. Defendant appealed, contending the trial court erred by accepting his guilty plea because he repeatedly proclaimed he was innocent, he had recently been sentenced to 28 years for the pipe bomb incident, and he was mentally ill. We affirmed. See *People v. Bleitner* (1990), 199 Ill. App. 3d 146, 148, 556 N.E.2d 819, 820 (hereinafter *Bleitner II*).

■ On June 27, 1991, defendant filed a *pro se* petition for post-conviction relief in No. 88—CF—3, alleging in part that his plea was involuntary because he had been denied effective assistance of trial counsel and appellate counsel. On July 29, 1991, an order was filed by the circuit clerk dismissing the petition as frivolous and nonmeritorious. In regard to the time limitations for ruling on post-conviction relief, the judge stated that he had been busy with other cases, but had examined the petition on July 24 and 25, 1991, within the time prescribed by the statute. The order was dated as entered on July 25.

Section 122—2.1(a) of the Act states, "[w]ithin 30 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section." (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a).) Defendant contends the court lacked authority to dismiss his post-conviction petition because this

section should be interpreted as requiring the court to *file* its dismissal order within 30 days. The court's order was not filed until July 29, 32 days after his petition was filed. Defendant asks this court to establish a "bright-line" rule that dismissal orders are not properly entered unless filed by the circuit clerk within 30 days. We decline to so hold because we conclude the trial court's order was filed within 30 days.

As the State correctly notes, the court's filing of its dismissal was timely pursuant to section 1.11 of the Statute on Statutes, which states in relevant part:

"The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Saturday or Sunday or is a holiday as defined or fixed in any statute now or hereafter in force in this State, and then it shall also be excluded. If the day succeeding such Saturday, Sunday or holiday is also a holiday or a Saturday or Sunday then such succeeding day shall also be excluded." Ill. Rev. Stat. 1989, ch. 1, par. 1012.

The court's order was filed on Monday, July 29, 1991. Defendant filed his petition June 27, 1991. Excluding this day as the first day, and adding 30 days brings us to July 27, 1991, as the deadline for the court's order to be filed. July 27, however, was a Saturday. July 28 was a Sunday. July 27 and 28 are excluded from the computation. The court's July 29 order was timely filed.

We next address defendant's argument the court abused its discretion by dismissing his post-conviction petition as frivolous and without merit. The Act authorizes the court to dismiss a petition filed by an imprisoned defendant when the petition is "frivolous or is patently without merit." (Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(a)(2).) The allegations contained in his petition which he contends were not frivolous and were meritorious are as follows: (1) his trial counsel was ineffective because he did not pursue a motion to show why the testimony of the victim's sister was necessary to the defense, (2) he was too mentally ill to capably plead guilty, and (3) his appellate counsel was ineffective because she did not cite *People v. Bernasco* (1989), 185 Ill. App. 3d 480, 541 N.E.2d 774, *aff'd* (1990), 138 Ill. 2d 349, 562 N.E.2d 958, *cert. denied* (1991), 500 U.S. 932, 114 L. Ed. 2d 458, 111 S. Ct. 2052, in her appellate brief.

Defendant argues each allegation adequately raised a constitutional violation which should have required further proceedings under the Act. Had his petition not been dismissed, the Act requires the court to "order the petition to be docketed for further consideration

in accordance with Sections 122—4 through 122—6." Ill. Rev. Stat. 1989, ch. 38, par. 122—2.1(b).

Defendant relies on our previous ruling in *People v. Dredge* (1986), 148 Ill. App. 3d 911, 500 N.E.2d 445, in which this court concluded a *pro se* defendant seeking post-conviction relief from an alleged constitutional violation need only include in the petition a simple statement representing the gist of a meritorious claim. We reasoned that requiring *pro se* defendants to state their claim more explicitly would deprive them of effective access to the courts. *Dredge*, 148 Ill. App. 3d at 913, 500 N.E.2d at 446-47; see also *People v. Lawrence* (1991), 211 Ill. App. 3d 135, 138, 569 N.E.2d 1175, 1177.

The scope of review of a post-conviction petition is limited to issues which have not been, and could not have been, previously adjudicated. When the trial court's ruling is affirmed on direct appeal, all issues which were raised or could have been raised are *res judicata*. *People v. Roberts* (1979), 75 Ill. 2d 1, 10, 387 N.E.2d 331, 335; *People v. Seidler* (1990), 203 Ill. App. 3d 666, 669, 561 N.E.2d 386, 388.

Allegations in a post-conviction petition must be supported by affidavits or by the record in the case. (*People v. Gacy* (1988), 125 Ill. 2d 117, 124, 530 N.E.2d 1340, 1342; *People v. Gaines* (1984), 105 Ill. 2d 79, 91-92, 473 N.E.2d 868, 875; see *Lawrence*, 211 Ill. App. 3d at 138, 569 N.E.2d at 1177.) The record does not support defendant's claim of ineffective assistance of counsel due to counsel's failure to pursue a motion seeking testimony by the victim's sister. Defendant pleaded guilty against counsel's advice. Once the guilty plea was entered, counsel's efforts to obtain any testimony were thwarted. Defendant cannot now complain about the effects of potential testimony when he decided to plead guilty and this decision was contrary to counsel's advice. His claim of ineffective trial counsel does not present a gist of a claim. Defendant has not provided a basis in the record from which the trial court could find his allegation was anything but frivolous.

The State also argues if the counsel erred, the error was harmless based on the overwhelming additional evidence of defendant's guilt. We need not evaluate the quantum of evidence to find the trial court's dismissal of this allegation was proper.

The trial court's dismissal order also correctly indicates defendant was precluded from raising the argument that his guilty plea was involuntary due to his mental disorder because this issue was raised on direct appeal. In *Bleitner II*, we found the trial court correctly concluded defendant was fit to enter a plea. He understood the nature of the proceedings and was capable of assisting in his de-

fense. (*Bleitner*, 199 Ill. App. 3d at 152, 556 N.E.2d at 822.) Defendant could not raise alleged mental illness as reason for post-conviction relief. The court properly dismissed this as a basis for relief.

■ Defendant also argues the court should not have dismissed his claim of ineffective assistance of appellate counsel. Defendant asserted in his petition that appellate counsel should have cited a fifth district case which ruled that mental deficiency is important in determining whether a confession is voluntary. (See *Bernasco*, 185 Ill. App. 3d 480, 541 N.E.2d 774.) Although defendant concedes the facts in *Bernasco* are distinct, he contends its ruling would have provided a basis for further consideration of his mental capacity to plead guilty.

The State argues appellate counsel was not ineffective by not citing *Bernasco* because the issues raised in it were distinct from those present in defendant's case. It outlines the requisites for establishing an ineffectiveness of counsel claim and contends counsel's failure to cite *Bernasco* would not have affected the outcome of defendant's direct appeal. Furthermore, the State argues because the issue of whether defendant's plea was voluntary was determined on direct appeal, it is *res judicata*.

The requisite mental capacity required to effectively waive *Miranda* warnings does not directly apply to the requisite characteristics needed to be found to have voluntarily pleaded guilty. Moreover, as previously discussed, the issue of defendant's mental capacity was determined on direct appeal and is *res judicata*. (*Roberts*, 75 Ill. 2d at 10, 387 N.E.2d at 335; *Seidler*, 203 Ill. App. 3d at 669, 561 N.E.2d at 388.) The court did not err in dismissing the petition despite this allegation.

The record in this case allowed the trial court to dismiss defendant's post-conviction petition as frivolous and without merit. The judgment of the trial court is affirmed.

Affirmed.

STEIGMANN and COOK, JJ., concur.