S99A1392. MORGAN et al. v. MITCHELL.

(527 SE2d 556)

SEARS, Justice.

Appellant Warden Timothy J. Morgan and the Phillips Correctional Institution (collectively "appellant") appeal the habeas court's grant of appellee Charles Jefferson Mitchell's ("appellee's") Petition for Writ of Habeas Corpus. Having reviewed the matter, we conclude that the habeas court erred in concluding that appellee was prejudiced by the ineffective assistance of appellate counsel. Therefore, we reverse.

Appellee was charged, along with his brother, Stephen Mitchell, and a friend, Kyle Spell, with malice murder, felony murder, and illegal firearm possession.[1] Appellee and his brother were tried together on those charges.[2] Appellee was convicted of voluntary manslaughter and illegal firearm possession, and was sentenced to 25 years imprisonment.[3] After his conviction, appellee obtained appellate counsel to pursue his appeal to the Court of Appeals, which affirmed his manslaughter conviction.[4] This Court denied appellee's petition for certiorari.

Appellee then filed a petition for writ of habeas corpus challenging his convictions and sentences. In reviewing that petition, the habeas court found that the only one of appellee's contentions not procedurally defaulted was a claim alleging the ineffective assistance of appellate counsel. In support of that claim, appellee contended that appellate counsel was ineffective for failing to enumerate as error on appeal the ineffectiveness of trial counsel. Trial counsel had failed to obtain a ruling on appellee's pending motion to sever his trial from his brother's trial, and appellee urged in his petition that appellate counsel was constitutionally defective for failing to enumerate trial counsel's failure as error on appeal. Appellee also contended that appellate counsel was ineffective for not citing certain precedent from this Court to support the enumeration on appeal that the evidence presented against appellee at trial was insufficient to

---

[1] *Mitchell v. State*, 266 Ga. 197 (467 SE2d 197) (1996); *Mitchell v. State*, 225 Ga. App. 26 (482 SE2d 26) (1997).

[2] *Mitchell*, 225 Ga. App. 26.

[3] Appellee's brother's life sentence for his felony murder and illegal firearm possession convictions was reversed and remanded for re-sentencing in *Mitchell v. State*, 266 Ga. 197.

[4] *Mitchell*, 225 Ga. App. 26.

sustain the verdicts. The habeas court agreed with these contentions, and granted relief. This appeal follows.

1. The standard set forth in *Strickland v. Washington*[5] for assessing claims of constitutionally deficient trial counsel also applies to claims of deficient appellate counsel.[6] Therefore, in order to establish that appellate counsel was ineffective, appellee was required to show the habeas court that appellate counsel's performance was deficient, and that the deficiency prejudiced appellee's appeal from conviction.[7] On appeal from a habeas court's conclusion that a petitioner's counsel was ineffective, we will accept the habeas court's findings of fact unless they are clearly erroneous, but we independently apply the relevant legal principles to those factual findings.[8]

In this matter, the habeas court found that appellee, his brother, and Spell planned to meet the victim at a secluded location, so that appellee's brother and the victim could settle a long term conflict by fighting. The trio traveled to the meeting in Spell's truck, in which Spell had placed his shotgun. On the way to the meeting, appellee purchased ammunition for Spell's shotgun, ostensibly because the victim was known for carrying dangerous weapons and the trio wanted to ensure their own protection. After arriving at the meeting, appellee's brother retrieved the shotgun from Spell's truck and fired it at the victim, wounding him. The trio then beat the victim and were walking away when Spell reloaded the shotgun, handed it to appellee's brother, and appellee's brother fired the shotgun at the victim a second time, killing him. At the time the gun was fired, appellee was 30-50 feet away from the altercation. He subsequently helped to dispose of the victim's body.

Appellee's trial counsel filed a pretrial motion to sever appellee's trial from that of his brother. A pretrial hearing was held on the motion, but no ruling was ever issued. When appellee was brought on for trial, a different judge was presiding, who was unaware of the pending motion to sever until the motion was renewed. By that time, a jury had been empaneled, and the presiding trial judge considered the motion to sever as being moot, and the joint trial proceeded.

In its order, the habeas court found that because the severance motion was not pursued and ruled upon prior to appellee's joint trial, it was highly probable that appellee, whose participation in the killing had been minimal, was convicted of voluntary manslaughter due to the "spillover" of substantial evidence adduced against his co-defendants. Specifically, the habeas court noted that the evidence

---

[5] 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[6] *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998).

[7] Id. See *Turpin v. Todd*, 268 Ga. 820 (493 SE2d 900) (1997).

[8] *Turpin v. Lipham*, 270 Ga. 208, 211 (510 SE2d 32) (1998).

indicated that after the first shot was fired, appellee retreated 30 to 50 feet away from the altercation between his brother and the victim, and no evidence indicated that appellee had encouraged his brother to fire upon the victim. In contrast, however, the evidence showed that Spell (the third accomplice) became directly involved in the altercation, and intentionally aided and abetted appellee's brother in the commission of the killing by reloading the shotgun and handing it to appellee's brother, making it possible for him to fire the second, fatal shot. That second shot constituted the crime of voluntary manslaughter for which appellee was convicted.

Based upon these findings, the habeas court concluded that the evidence:

> illustrates a situation in which it was highly probable, in view of the minimal evidence against him, that [appellee] was convicted as the result of some spillover of the substantial evidence adduced against his codefendants, [his brother] and . . . Spell. This situation created a danger that [appellee] could be convicted merely by association, or by being enveloped within a generalized notion that the three defendants, as a group but in different ways, contributed to the [killing].

Thus, the habeas court concluded that it was reasonably probable that, but for trial counsel's failure to obtain a severance, the outcome of appellee's trial would have been different. Because appellee had been prejudiced by trial counsel's ineffectiveness, the habeas court deemed trial counsel's performance to have been ineffective. The habeas court then concluded that because appellate counsel had failed to enumerate trial counsel's ineffectiveness as error on appeal, but had instead presented weaker arguments to the Court of Appeals, appellate counsel, too, had rendered ineffective assistance.[9]

At the outset, we note that the factual basis for the habeas court's conclusion that trial counsel was ineffective appears to be erroneous in one respect. It is based in part upon the premise that appellee's conviction was the result of "spillover . . . evidence adduced against his codefendants, [his brother] *and . . . Spell.*" However, the record shows that only appellee and his brother were tried together; Spell was not tried with the two brothers.[10] Thus, the habeas court's findings that the evidence introduced against Spell was more damning than the evidence introduced against appellee,

---

[9] See *Battles*, 269 Ga. at 704-705.
[10] See *Mitchell*, 225 Ga. App. 26 (Appellee, his brother and Spell were co-indictees, but "[t]he Mitchell brothers were tried jointly.").

and its conclusion that appellee may have been found guilty due to his association with Spell, would both appear to be incorrect.

However, we need not determine the impact of this factual error, because even if we accept both the habeas court's factual findings in toto and the habeas court's conclusion that trial counsel was ineffective, we do not accept the habeas court's conclusion that appellee was prejudiced by trial counsel's deficient performance.

No evidence suggests that appellee and his brother presented antagonistic defenses at trial, and there is no evidence that the joint trial created confusion of the evidence and the law applicable to each defendant. Counsel's failure to obtain a ruling on the severance motion could only have been prejudicial if it failed to rectify an existing danger that evidence implicating one of the defendants would be considered against the other defendant, despite cautionary instructions from the trial court.[11] In this regard, appellee has not pointed to any evidence admitted at his joint trial that would not have been admitted had his severance motion been granted and had he been tried alone. For this reason, we must conclude that appellee has failed to carry his burden of showing that trial counsel's deficient performance was prejudicial to him.[12]

As explained above, in its order, the habeas court discussed evidence concerning the conduct of appellee's brother and Spell, and concluded there was a danger that such evidence might be improperly considered against appellee. We disagree with that conclusion. In fact, had appellee been tried alone, it is probable that the evidence discussed by the habeas court would have been introduced, as it would have benefitted appellee's defense against the murder charges facing him. Had appellee been tried alone on the crimes charged against him — malice murder, felony murder, and illegal firearm possession — it would have benefitted him to inform the jury that the murder weapon belonged to Spell, that it was brought along for protection, that appellee's brother retrieved the gun from Spell's truck and fired the first shot with no prompting from appellee, and that it was Spell who reloaded the gun before handing it back to appellee's brother so that the latter could fire the second and fatal shot, again with no prompting from appellee. This evidence, which the habeas court relied upon in finding that appellee had been prejudiced by trial counsel's failure to obtain a severance, actually serves to mitigate appellee's culpability vis-a-vis the murder. Nothing in the record indicates that this evidence would not have been admitted even if appellee's severance motion had been granted.

---

[11] See *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975).

[12] See *Battles*, 269 Ga. at 702-704.

Hence, the habeas court erred in concluding that trial counsel's failure to obtain a ruling on the severance motion was prejudicial, thereby rendering trial counsel's assistance ineffective. It follows that the habeas court also erred in concluding that appellate counsel was ineffective for failing to enumerate as error on appeal trial counsel's ineffectiveness, as there would have been no merit to such a claim.[13]

2. We also reverse the habeas court's conclusion that appellate counsel was ineffective for failing to cite to *Brown v. State*,[14] in support of the argument on appeal that the evidence was insufficient to support appellee's convictions. *Brown* concerned a defendant who left a party after fighting with the victim, and who returned to the party with a co-defendant to retrieve belongings left at the party. The two men took along a shotgun and shells for protection because, they said, they feared a repetition of the earlier confrontation. Upon their return to the party, a fight erupted and the victim was shot. The co-defendant was convicted of murder as an accessory to the crime. This Court reversed, ruling that the mere fact of bringing a shotgun and shells to the site of a possible altercation did not establish an intent to shoot the victim, and thus the evidence was insufficient to convict the co-defendant as a party to the murder.[15]

The habeas court erred in concluding that *Brown* is directly on point with the present case, because it is factually distinguishable. Had *Brown* been cited on appeal, it might have been instructive to some degree, but it certainly would not have mandated that the evidence against appellee was insufficient to sustain his convictions. Unlike the co-defendant in *Brown*, the evidence in this case showed that appellee actually purchased the shotgun shells brought to the scene of the crime, and helped to dispose of the victim's body after the killing occurred. Thus, the evidence showed that appellee did much more than simply assist in bringing a shotgun and shells to the crime scene, as occurred in *Brown*. For that reason, the facts of *Brown* are distinguishable from the facts of this matter. Hence, the habeas court erred in concluding that appellate counsel's failure to cite to *Brown* prejudiced appellee's claim on appeal that the evidence did not support his convictions.[16]

*Judgment reversed. All the Justices concur.*

---

[13] See *Battles*, 269 Ga. at 708 (appellate counsel's performance prejudicial when, in all probability, the outcome of an appeal would have been different but for appellate counsel's deficient performance).

[14] 250 Ga. 862 (302 SE2d 347) (1983).

[15] 250 Ga. at 864.

[16] See, e.g., *State v. Bleitner*, 591 NE2d 96 (Ill. Ct. App. 1992).

DECIDED MARCH 6, 2000.

*William P. Rowe III, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellant.
Charles J. Mitchell, *pro se.*