## A03A1886. MITCHELL v. THE STATE.

(593 SE2d 388)

MIKELL, Judge.

On November 1, 1994, appellant Charles Jefferson Mitchell, Jr. ("Jeff" or "Mitchell"), his brother Michael Stephen Mitchell, and Kyle Dalton Spell were indicted on charges of malice murder, felony murder, and possession of a firearm during the commission of a crime in connection with the death of Danny Hucks. The Mitchell brothers were tried jointly. Appellant Jeff Mitchell was convicted of voluntary manslaughter and possession of a firearm.[1] He filed a motion for new trial, which was denied. We affirmed Mitchell's convictions in *Mitchell v. State*, 225 Ga. App. 26 (482 SE2d 419) (1997), and the Supreme Court denied certiorari.[2]

Subsequently, Jeff Mitchell filed a state habeas corpus petition, in which he raised ineffective assistance claims against both his trial and appellate counsel. The habeas court found that appellate counsel was ineffective by failing to cite *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983), in support of the argument that the evidence was

---

[1] Stephen Mitchell was convicted of those charges, as well as felony murder. Stephen Mitchell's felony murder conviction was subsequently reversed by our Supreme Court in *Mitchell v. State*, 266 Ga. 197 (467 SE2d 503) (1996); however, his voluntary manslaughter conviction was affirmed.

[2] The factual basis for Mitchell's convictions was stated by this Court on direct appeal as follows:

Stephen [Mitchell] and Hucks were involved with the same woman, Melissa Clark, for a number of years before the homicide. Hucks was extremely jealous and physically abused her. Although Clark broke off their relationship, his jealousy continued, as did his abuse toward Clark and her friends. After Hucks went to prison, Clark moved in with Stephen. When Hucks was released, he began making harassing telephone calls and continually threatened to kill them.

According to Stephen, on the night of the killing, Hucks spoke to him on the telephone and said that if Stephen did not meet him to fight, he would come and kill both Stephen and Clark. Stephen agreed to meet Hucks at an area known as the "sandpits." Hucks told one of his friends that he was going to fight Stephen and kill some boys. [Appellant] Jeff [Mitchell] and Spell accompanied Stephen to the site. Spell suggested to Stephen that they purchase shells for Spell's shotgun, and while en route in Spell's truck, Jeff purchased them.

At the sandpits, Hucks appeared with a group of his friends. Jeff stated he did not want any part of it and that they should let his brother and Hucks fight it out. Hucks initiated the fighting by running over to Spell's truck, striking Stephen and Jeff with a large stick and smashing the windshield of Spell's truck. He then said, "It ain't worth going back to the penitentiary for; . . . let's go," and started walking back toward his truck. Stephen retrieved the shotgun from the truck. As Hucks was returning to his truck, Stephen fired at Hucks, wounding him in the shoulder (the first assault). Stephen, Jeff, and Spell began beating Hucks with sticks. Jeff and Spell walked off but Stephen kept up the beating for a short time. Spell reloaded the shotgun and Stephen returned to Hucks, lowered the shotgun, and fired when the shotgun was in Hucks' mouth, blowing off most of his head (the second assault). Jeff was 30 to 50 feet away. They loaded the body on Spell's truck and left, with Jeff driving. He assisted his brother in disposing of Hucks' body.

*Mitchell v. State*, 225 Ga. App. at 26-27.

insufficient to support Jeff's conviction. However, in a unanimous decision, the Supreme Court reversed the judgment and held that because the facts in *Brown*, supra, were distinguishable, the habeas court erred in concluding that appellate counsel's failure to cite that case prejudiced Jeff's claim on appeal. *Morgan v. Mitchell*, 272 Ga. 134 (527 SE2d 556) (2000).

Next, Jeff Mitchell filed a federal petition for writ of habeas corpus in the Southern District of Georgia, alleging ineffective assistance of appellate counsel and the insufficiency of the evidence. The federal magistrate judge recommended that the writ be granted conditionally and that the trial court permit Jeff Mitchell to file a new direct appeal.[3] The district judge's order conditionally granting the writ is not contained in the record. However, in an order filed on January 9, 2002, the Superior Court of Richmond County referenced the district court's order conditionally granting the writ and ordered that Mitchell be appointed new appellate counsel and granted a new appeal. It does not appear from the record that Mitchell filed a new appeal at that time.[4] Mitchell filed a motion for new trial on August 30, 2002, and amended it on February 14, 2003. The trial court denied the motion.

Mitchell now appeals the denial of his motion for new trial. Based on the "right for any reason" rule, we affirm the denial of the motion. See, e.g., *Lyberger v. Robinson*, 207 Ga. App. 845, 846 (429 SE2d 324) (1993) ("A judgment right for any reason must be affirmed.").

As a practical matter, the motion for new trial was untimely. OCGA § 5-5-40 (a) mandates that "[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict." Judgment in this case was entered on February 9, 1995; therefore, the motion was filed well outside of the time provided in the statute. Mitchell did not file an extraordinary motion for new trial based on newly discovered evidence. See *Crowe v. State*, 265 Ga. 582, 590-591 (15) (458 SE2d 799) (1995). We also note that because Mitchell's conviction had already been affirmed on direct appeal, the trial court lacked jurisdiction to consider a subsequent motion for new trial. See *Young v. State*, 254 Ga. App. 262, 264 (3) (562 SE2d 231) (2002).

Further, Mitchell has not sought an out-of-time appeal, nor is he

[3] The Report and Recommendation issued by the magistrate judge is contained in the record and provides that "[t]his conditional writ should become unconditional and permanent unless the State of Georgia allows Mitchell a new direct appeal of his convictions within sixty (60) days of the date of this Court's final judgment."

[4] In an order dated August 29, 2002, the trial court acknowledged that Mitchell's appointed counsel failed to file such an appeal.

entitled to one, based on the record before us. Our Supreme Court has held that "[d]ue to the very nature of an out-of-time appeal, it is not a remedy available to a criminal defendant whose conviction has been reviewed by an appellate court on direct appeal since that defendant is not entitled to a second direct appeal from his judgment of conviction." *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002). Even if we were to consider the merits of Mitchell's appeal, we would be bound by res judicata, as the Supreme Court expressly found that *Brown*, supra, was distinguishable from Mitchell's case and did not require reversal of the conviction. *Morgan v. Mitchell*, 272 Ga. at 138 (2).

The Antiterrorism and Effective Death Penalty Act of 1996, 28 USC § 2254 et seq., and the federal habeas corpus statute, 28 USC § 2243 et seq., give the district courts broad discretion in granting habeas relief. See *Hilton v. Braunskill*, 481 U. S. 770, 775 (107 SC 2113, 95 LE2d 724) (1987).[5] However, our research has yielded no binding authority permitting a federal district court judge to order a second appeal rather than a new trial or the petitioner's release as the remedy in a habeas case. Although our state precedents are not binding on the federal district court, a Georgia court could not grant a new appeal as a habeas remedy. In *Milliken v. Stewart*, 276 Ga. 712 (583 SE2d 30) (2003), the Supreme Court held that when a habeas court finds that a defendant was denied the effective assistance of appellate counsel, the proper remedy is a new trial, not leave to file a new appeal. Id. at 713-714.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JANUARY 16, 2004.

*Sam B. Sibley, Jr.*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[5] But see *Magwood v. Smith*, 791 F2d 1438, 1450 (11th Cir. 1986) ("[A] federal district court . . . has no appellate jurisdiction over a state criminal case and hence has no authority to 'remand' a case to the state courts. The federal habeas corpus statute provides a mechanism for collateral, not appellate review.").