### S01A0231. RAY et al. v. BARBER.
(548 SE2d 283)

FLETCHER, Presiding Justice.

The trial court granted in part Morris Barber's petition for mandamus against the Board of Pardons and Paroles. Walter Ray, as chairman of the Board, filed a discretionary application and a notice of appeal. We granted the application to consider whether a non-prisoner defendant is required to follow the discretionary application procedures when appealing an action filed by a prisoner. Because the statutory language is clear, we hold that a discretionary application is required.

1. OCGA § 42-12-8 provides that "[a]ppeals of all actions filed by prisoners shall be as provided in Code Section 5-6-35 [the discretionary appeal provision]." The Board contends that the legislative intent of the statute shows that the discretionary application process should only apply to appeals filed by prisoners. Where a statute is "susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it."[1] As long as the language is clear and does not lead to an unreasonable or absurd result, "it is the sole evidence of the ultimate legislative intent."[2] Here the language is clear and requires that in all actions filed by prisoners, appeals must come by discretionary application.

The Board's interpretation would rewrite the statute to say that "all appeals filed by prisoners" must come by application. This interpretation renders the phrase "of all actions" superfluous, and is, therefore, disfavored.[3] Additionally, the legislature has demonstrated its ability to require different appellate procedures for the state and prisoners. OCGA § 9-14-52 (b) and (c) provide that a prisoner who is denied habeas corpus relief "must file a written application for a certificate of probable cause to appeal," while if the prisoner is granted relief, "no certificate of probable cause need be obtained by

---

[1] *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981) (citation omitted).

[2] *Caminetti v. United States*, 242 U. S. 470, 479 (37 SC 192, 61 LE 442) (1917).

[3] *Houston v. Lowes of Savannah, Inc.*, 235 Ga. 201, 203 (219 SE2d 115) (1975) ("it is not presumed that the legislature intended that any part would be without meaning").

the respondent as a condition precedent to appeal." Furthermore, the legislative requirement of an application to appeal serves several important policy goals; it permits expeditious consideration of a case[4] and ameliorates the large appellate court caseload.[5]

2. In his petition for mandamus, Barber alleged that the Board of Pardons and Paroles failed to timely consider him for parole and sought to require the Board to grant him parole or set a tentative parole date. The trial court directed the Board to give Barber consideration for parole and denied all other relief sought. After applying the applicable law and Board rules to the peculiar facts of this case, we conclude that the trial court did not err in granting this relief.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 4, 2001.

*Thurbert E. Baker, Attorney General, Christopher S. Brasher, Senior Assistant Attorney General, Richard A. Brownlow, Assistant Attorney General*, for appellant.

Morris Barber, *pro se*.

---

[4] See *Tri-State Building & Supply, Inc. v. Reid*, 251 Ga. 38, 39 (302 SE2d 566) (1983).

[5] OCGA § 42-12-2; *Scruggs v. Georgia Dept. of Human Resources*, 261 Ga. 587, 588 (408 SE2d 103) (1991).