S02A0682. DAKER v. RAY et al.
(563 SE2d 429)

CARLEY, Justice.

In 1996, a jury found Waseem Daker guilty of two counts of aggravated stalking, and the trial court sentenced him to two consecutive five-year terms. The Court of Appeals affirmed, and this Court denied certiorari. *Daker v. State*, 243 Ga. App. 848 (533 SE2d 393) (2000), cert. den. 244 Ga. App. 897 (2000). Alleging that he was a pauper, Daker attempted to file a pro se petition seeking mandamus and declaratory relief against Chairman Ray and the other members of the Board of Pardons and Paroles (Board). He contended that he is entitled to a pardon because his convictions and sentences are void. In the alternative, he sought to compel the Board to consider him for parole because he had served more than one-third of his sentences, to reconsider him for parole on a periodic basis, and to adhere strictly to

[4] *In the Matter of Johnson*, 244 Ga. at 111.
[5] *In the Matter of Spence*, 271 Ga. at 632.

the parole guidelines mandated by OCGA § 42-9-40. The trial court found no justiciable issue of fact or law in any of the claims, and denied filing pursuant to OCGA § 9-15-2 (d). We granted Daker's application for discretionary appeal from the trial court's order.

1. OCGA § 9-15-2 (d) authorizes the denial of filing "if the pleading shows on its face such a complete absence of any justiciable issue of law or fact that the court could not reasonably grant any relief against any party named therein." *Yizar v. Ault*, 265 Ga. 708 (1) (462 SE2d 141) (1995). With regard to the assertion that the convictions and sentences are void, "declaratory judgment is not a proper remedy. [Cits.]" *Pendleton v. City of Atlanta*, 236 Ga. 479, 480 (1) (224 SE2d 357) (1976). Mandamus is also inappropriate because, under the circumstances, the exclusive remedy is a petition for a writ of habeas corpus. *Saleem v. Forrester*, 262 Ga. 693-694 (424 SE2d 623) (1993). Compare *Riley v. Garrett*, 219 Ga. 345, 351 (2) (133 SE2d 367) (1963). Mandamus can issue only "if there is no other specific legal remedy for the legal rights." OCGA § 9-6-20. Therefore, the trial court correctly denied filing as to Daker's claim that his convictions and sentences are void.

2. The Board "is constitutionally vested with the power to grant parole, though the General Assembly has the ability to determine who is eligible for consideration of parole. [Cit.]" *Vargas v. Morris*, 266 Ga. 141, 142 (2) (465 SE2d 275) (1996). The Board's constitutional power to make parole decisions is discretionary. *Justice v. State Bd. of Pardons & Paroles*, 234 Ga. 749, 751 (2) (218 SE2d 45) (1975). In the exercise of its authority to determine parole eligibility, the General Assembly has required the Board to establish and use a parole guidelines system. OCGA § 42-9-40 (a). See also OCGA § 42-9-42 (c). However, nothing in the applicable statutes mandates that the guidelines control the final parole decision. The guidelines simply establish an initial date of eligibility for parole, and the ultimate grant or denial of parole to a prisoner who is eligible under the guidelines remains a discretionary matter for the Board. This is clear from the guidelines themselves, in that the Board expressly reserved its discretion to deviate from the recommended parole date derived therefrom. *Vargas v. Morris*, supra at 142 (2). Thus, the trial court properly denied filing as to Daker's claim seeking to compel the Board to grant parole based strictly upon his eligibility under the guidelines. *Dance v. Garner*, 267 Ga. 126 (475 SE2d 646) (1996).

3. Daker is entitled to the Board's timely consideration for parole. *Ray v. Barber*, 273 Ga. 856, 857 (2) (548 SE2d 283) (2001); OCGA § 42-9-45 (a), (b). In its brief, the Board contends that it has considered him for parole. If that is true, then the Board has a valid defense to Daker's claim. However, the merits of the allegations were not addressed below, since the trial court ordered that the pleading

not be filed. The validity of that ruling is dependent upon whether the petition stated a claim for relief. *Mosier v. State Bd. of Pardons & Paroles*, 213 Ga. App. 545 (2) (445 SE2d 535) (1994). Daker's pleading must be construed most favorably for him. *Tri-City Sanitation v. Action Sanitation Svc.*, 227 Ga. 489 (181 SE2d 377) (1971). Accordingly, the trial court erred in refusing to allow filing as to the claim for timely parole consideration. *Ray v. Barber*, supra at 857 (2).

4. Because the trial court denied filing, and did not conduct a bench trial, findings of fact and conclusions of law were unnecessary. OCGA § 9-11-52 (a).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED APRIL 29, 2002 —
RECONSIDERATION DENIED MAY 28, 2002.

Waseem A. Daker, *pro se.*

*Thurbert E. Baker, Attorney General, Katherine E. Evans, Assistant Attorney General*, for appellees.