## S02A1029. RAY et al. v. CARTHEN.
### (569 SE2d 542)

THOMPSON, Justice.

In April 1997, appellee Donald B. Carthen was convicted of robbery by intimidation and was sentenced to serve ten years in prison. In September 1998, appellant State Board of Pardons and Paroles ("the Board") served Carthen with a "Parole Decision Guideline – Notice of Tentative Action," informing him that the circumstances of his crime warrant that he serve more than 50 percent of his sentence, which is greater than the suggested guidelines. Carthen was further advised that he had been assigned a tentative parole month of December 2004, but that he may be considered for parole as early as December 2003. Carthen filed the present mandamus action against the Board and its chairman, Walter Ray, asserting that under OCGA § 42-9-45 (a) he had a right to a parole hearing once he had served one-third of his sentence. Although the trial court determined that Carthen was not entitled to a hearing before the Board, it apparently concluded that Carthen had been ineligible for parole consideration at the time of the notice of tentative action because he had not yet served one-third of his sentence, and thus the notice was premature and ineffective. The trial court granted the petition for mandamus

---

[6] *Lane v. State,* 247 Ga. 387 (276 SE2d 644) (1981).

"to the extent that Carthen be given consideration for parole within 45 days" of the entry of its order. We granted discretionary review, and for the reasons which follow, we reverse.

1. The relevant statutes provide as follows:

> The board may adopt and promulgate rules and regulations, not inconsistent with this chapter, touching all matters dealt with in this chapter, including . . . the practice and procedure in matters pertaining to paroles. . . . The rules and regulations shall contain an eligibility requirement for parole which shall set forth the time when the automatic initial consideration for parole of inmates . . . shall take place.

OCGA § 42-9-45 (a). Under subsection (b), an inmate serving a non-life felony sentence "shall only be eligible for consideration for parole after the expiration of nine months of his or her sentence or one-third of the time of the sentences, whichever is greater."

The Board is also required by statute to adopt a parole guidelines system for determining its parole actions on all inmates who will become eligible for parole, except for inmates serving life sentences. OCGA § 42-9-40. Pursuant to that legislative mandate, the Board adopted the Parole Decision Guidelines System (PDG) which takes into account the severity of the crime and the inmate's likelihood of success on parole to produce a tentative parole month. Ga. Comp. R. & Regs. 475-3-.05 (5). The tentative parole month serves as a recommendation to the Board, which may use its discretion in setting the month that the inmate will be considered for release or deny parole entirely. Id.; *Daker v. Ray*, 275 Ga. 205 (2) (563 SE2d 429) (2002). Once notified of their tentative parole month, inmates are permitted to contest the crime severity or likelihood of success factors that were used by the PDG, but the ultimate decision is left to the discretion of the Board. Id.

An analysis of the statutes and regulations governing the process by which an inmate becomes eligible for consideration and then release demonstrates that the "Notice of Tentative Action" was not premature consideration for parole. The notice was the result of the Board's application of the guidelines system to Carthen's particular circumstances. "The guidelines simply establish an initial date of eligibility for parole, and the ultimate grant or denial of parole to a prisoner who is eligible under the guidelines remains a discretionary matter for the Board." *Daker*, supra at 206. The determination of the tentative parole month specified in the notice was in no way "consideration for parole" and therefore did not occur before Carthen was eligible for such consideration under OCGA § 42-9-45 (b).

2. Mandamus is an appropriate remedy only where the peti-

tioner can show that there is a clear legal duty which must be performed. *Forsyth County v. White*, 272 Ga. 619 (2) (532 SE2d 392) (2000). And where a duty involves judgment or discretion on the part of the actor, the writ of mandamus is not an appropriate remedy. *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431 (1) (543 SE2d 16) (2001).

While the Board is required to adopt rules that provide for an automatic initial consideration for parole, it is not required by statute or rule to immediately consider an inmate once he becomes statutorily eligible. The "Notice of Tentative Action" received by Carthen informed him of the date when he would automatically be considered for parole, in accordance with both the statutory duties imposed on the Board by the legislature and its own administrative rules. The decision of when to consider Carthen for parole was well within the discretion permitted to the Board, and mandamus was therefore inappropriate. Compare *Ray v. Barber*, 273 Ga. 856 (2) (548 SE2d 283) (2001) (mandamus appropriate where the Board had followed neither its statutory duties nor its own adopted rules in determining a tentative parole month for an inmate).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 16, 2002.

*Thurbert E. Baker, Attorney General, James J. Phillips, Assistant Attorney General*, for appellants.
Donald B. Carthen, *pro se.*