## S02A1805. CITY OF ATLANTA et al. v. LANE.

(578 SE2d 420)

FLETCHER, Chief Justice.

Ellis Lane was an Atlanta police officer whose dismissal for various work rule violations was overturned by the Civil Service Board. After the Board's decision, the City of Atlanta notified Lane that it was retroactively suspending and terminating him based on new grounds that were unrelated to Lane's earlier dismissal. Because the trial court correctly held that the Atlanta City Code did not permit retroactive suspensions without pay or dismissals, but erred in calculating Lane's entitlement to back compensation, we affirm in part and reverse in part.

On September 29, 1999, the City dismissed Lane for eight violations of employee work rules, and Lane appealed his dismissal to the Civil Service Board. Three weeks after his dismissal, Lane was indicted by a federal grand jury on three felony counts of interference with commerce by threats or violence, which were unrelated to the work rule violations, and pled guilty to those charges on March 14, 2000. The City did not raise the issue of the federal indictment in the civil service appeal until after the hearings were over and the record was closed, and the City never notified the Board of Lane's federal guilty plea.

On April 7, 2000, the Board reversed Lane's September 29th dismissal and ordered the City of Atlanta to grant Lane "appropriate relief . . . according to the Atlanta City Code." It did not address the City's motion to re-open the record to consider the federal indictment. Several days later, on April 18, 2000, the City notified Lane for the first time that it was using his October 19, 1999 federal indictment as grounds for suspension without pay. The notice made Lane's suspension retroactive to October 28, 1999. Thereafter, the City sent Lane multiple notices of retroactive suspension and dismissal based on his federal crimes.

The City never appealed the Board's April 7, 2000 order, and Lane never appealed the City's notices of retroactive suspension and dismissal. Instead, Lane filed a petition for writ of mandamus in the Superior Court of Fulton County, seeking to enforce the terms of the Board's decision. The trial court issued a writ of mandamus, ordering the City to pay Lane from September 29, 1999 (the date he was initially dismissed) to April 7, 2000 (the date the Board granted his appeal), and the City appealed.

1. A trial court is authorized to issue a writ of mandamus only when "the petitioner seeking it has a clear legal right to have the act

performed."[1] "The law must not only authorize the act be done, but must require its performance."[2]

The Atlanta City Code provides that, if a dismissed employee prevails in his appeal, then "the employee *shall* be reinstated in accordance with the decision to the classification from which the employee was removed."[3] "The effective date of the reinstatement *shall* be the date immediately following the effective date of the appealed action as if there had been no break in service[,]" and the reinstated employee "*shall*" be paid "as if there had been no break in service."[4] The City Code further states that the City "*shall* promptly comply" with the Board's decision, unless it appeals that decision.[5]

The word "shall" is generally read to be mandatory.[6] Because the City did not appeal, it was required by its own code to reinstate Lane as a city employee and pay him what he otherwise would have been paid had he not been dismissed.[7]

2. The City contends that it was excused from reinstating Lane because it could retroactively suspend him for transgressions that occurred after he was initially dismissed and before the Board reversed that dismissal. We find no merit to the City's position.

First, as the City conceded at oral argument, the City Code does not expressly authorize retroactive suspensions or dismissals. Furthermore, nothing in the City Code implies that the City can make adverse employment decisions extend back several months. Even when an emergency suspension *with pay* is imposed, the City Code requires the City to provide an officer notice of the action "not later than five working days after the effective date of the emergency action."[8] Under this provision of the City Code, an actively employed officer could not be retroactively suspended with pay without receiving notice within five business days of the effective date of the action. Given the mandatory language in the City Code requiring prompt notice to an officer of any adverse action and reinstatement when a suspension or dismissal is reversed, we conclude that Lane is entitled to the same treatment as an officer actively employed by the City, whose suspension without pay or dismissal cannot be made retroac-

---

[1] *Gwinnett Cty. v. Blaney*, 275 Ga. 696, 705 (572 SE2d 553) (2002) (punctuation omitted); *Ray v. Carthen*, 275 Ga. 459, 460-461 (569 SE2d 542) (2002).

[2] *Blaney*, 275 Ga. at 705 (punctuation omitted).

[3] 1995 Code of Ordinances of the City of Atlanta ("City Code"), § 114-554 (c) (emphasis supplied).

[4] Id. (emphasis supplied).

[5] City Code, § 114-554 (b) (emphasis supplied).

[6] *O'Donnell v. Durham*, 275 Ga. 860, 861 (573 SE2d 23) (2002).

[7] Compare *Gilbert v. Homar*, 520 U. S. 924 (117 SC 1807, 138 LE2d 120) (1997) (holding there is no federal constitutional due process right to pre-suspension hearing for police officer).

[8] City Code, § 114-532 (b).

tive to a date several months earlier.

Second, although OCGA § 35-8-8 prohibits anyone with a felony conviction from being employed as a police officer,[9] that statute, by itself, does not authorize retroactive suspensions and dismissals. OCGA § 35-8-8 prohibited the City from physically reinstating Lane as a police officer and deploying him on the city streets following his federal criminal conviction, but that statute did not prevent the City from reinstating Lane administratively for purposes of calculating entitlement to back pay under the City Code. The City Code required the City to continue paying Lane as though he was employed until the City formally suspended or terminated Lane's employment based on valid grounds, even though the state code prevented the City from reinvesting Lane with any of the powers and privileges associated with being a Georgia law enforcement officer.

The record suggests that the City acted consistently with our discussion of the interplay between OCGA § 35-8-8 and the City Code. Following the Board's April 7, 2000 decision, the City never physically rehired Lane. However, the City did prepare a check that it has represented constitutes Lane's back pay.[10] The City also sent Lane a series of notices suspending and dismissing him based on the federal crimes. Both actions suggest that the City administratively reinstated Lane for purposes of (i) calculating his back pay and (ii) subsequently firing him for his federal felonies.

Accordingly, we hold that, although OCGA § 35-8-8 prevented the City from physically rehiring Lane or using him in any capacity as a police officer, the City Code required the City to reinstate Lane administratively for purposes of calculating his entitlement to back compensation. Because of the mandatory language in the City Code, Lane properly sought a writ of mandamus to enforce his right to back pay.

3. The trial court held that Lane was entitled to past compensation from September 30, 1999, the date after he was initially dismissed, through April 7, 2000, the date of the Board's decision. The City Code sets Lane's effective date of reinstatement as the date after he was dismissed, which is September 30, 1999. We conclude, however, that the trial court erred in setting April 7, 2000 as the date for ending Lane's back compensation.

Because we have held in Division 2 that OCGA § 35-8-8 does not excuse the City from informing Lane that it was suspending and dismissing him based on the federal crimes, Lane is entitled to compensation until he received the April 18, 2000 notice, formally notifying

[9] OCGA § 35-8-8 (a) (4).
[10] We recognize that Lane disputes the reason for the check, but the point remains that the City acted as though it had reinstated Lane, albeit briefly and only on paper.

him that the City was suspending him without pay based on the federal criminal charges. Accordingly, Lane should receive back compensation under the terms of the City Code beginning on September 30, 1999 through and including whatever date an actively employed officer would be compensated if suspended without pay based on an April 18, 2000 emergency notice of suspension without pay. The record is unclear on whether, given the April 18, 2000 emergency notice, the City Code entitles Lane to additional days of pay or whether Lane's suspension *without pay* could be effective five working days prior to the April 18, 2000 notice.[11] We leave those questions for the trial court's determination on remand.

4. The City could have avoided having to pay a convicted felon several months of back compensation by simply acting sooner. It could have notified Lane when he was indicted that he was suspended without pay should he prevail in his civil service appeal. It could have notified Lane when he pled guilty in federal court that he was suspended without pay or dismissed. Instead, the City waited almost six months before using Lane's federal crimes as a basis for suspension and dismissal. Whether the City's delay was inadvertent or a conscious decision to rely on the grounds for dismissal that were the subject of a civil service appeal (and thus could be reversed on appeal), the City bears the responsibility for its failure to notify Lane sooner that his federal crimes were grounds for suspension and dismissal. Because the trial court correctly issued a writ of mandamus, but incorrectly calculated Lane's entitlement to pay, we affirm the issuance of a writ of mandamus and remand this case to the trial court to calculate Lane's back pay and for any other proceedings not inconsistent with the decision.

*Judgment affirmed in part, reversed in part, and case remanded with directions. All the Justices concur, except Benham, J., who dissents.*

DECIDED MARCH 24, 2003.

*Rosalind R. Newell, Karen E. Woodward, Kristen E. Brooks, Linda K. DiSantis,* for appellants.

*McKenney & Froelich, William J. McKenney,* for appellee.

---

[11] Compare City Code, § 114-532 (emergency suspension with pay requires notice within five days of effective date of action) with § 114-529 (suspension *without pay* in accordance with section 114-530). Section 114-530 was not included in the record.