A05A0537. CARTER v. THE STATE.

(611 SE2d 790)

BLACKBURN, Presiding Judge.

In this out-of-time appeal authorized by the habeas court at the direction of the Supreme Court of Georgia, Andrew D. Carter appeals, arguing that the trial court erred both in failing to appoint counsel to represent him at the hearing on his motion to withdraw his plea of guilty, and also in denying his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

Carter was indicted for possession of cocaine with intent to distribute[1] and possession of a firearm by a convicted felon.[2] On May 8, 1996, during the course of his trial and after the State had presented most of its case, Carter entered a guilty plea with the assistance of retained counsel. Carter was sentenced to thirty years on the controlled substance count with the last ten years on probation, and to ten years on the firearms count, sentence to run concurrent with sentence on the other count.

After sentencing, Carter filed a timely pro se motion to withdraw his guilty plea. Following a hearing on the motion to withdraw guilty plea, at which Carter was neither represented by counsel nor informed of his right to have counsel present, the trial court denied the motion, finding that Carter knowingly and intelligently entered the plea of guilty, that he was fully aware of his constitutional rights, and that he freely and voluntarily waived those rights. The trial court did not inform Carter that he had a right to appeal the denial of his motion to withdraw plea.

In 2002, Carter filed a pro se habeas corpus petition, later amended by counsel, in which he claimed, pursuant to the decision of our Supreme Court in *Fortson v. State*,[3] that he was wrongfully denied the assistance of counsel on his motion to withdraw his plea of guilty, and that the trial court frustrated his right to appeal from the denial of his motion to withdraw his guilty plea by failing to inform him of that right. The petition was denied.

Carter appealed the denial of his habeas petition to the Supreme Court of Georgia, and that Court granted his certificate of probable

---

[1] OCGA § 16-13-30 (b).

[2] OCGA § 16-11-131.

[3] *Fortson v. State*, 272 Ga. 457 (532 SE2d 102) (2000).

cause. In *Carter v. Johnson*,[4] the Supreme Court held that Carter was not entitled to assistance of counsel at the hearing on his motion to withdraw his guilty plea. The Court acknowledged that *Fortson* involved a new rule of criminal law because it imposed a new obligation on the State, i.e., appointment of counsel for a motion to withdraw guilty plea; however, the Court also found that the new *Fortson* rule was not a "watershed" rule because it "merely 'clarified and extended' the scope of a well-settled principle of criminal procedure: the defendant's right to representation at critical stages of a prosecution." Id. at 204 (1). Since the rule announced in *Fortson* was not a watershed rule, the Court would not apply it retroactively. For this reason, it held "that the habeas court was correct in denying Carter relief on his claim that he was wrongfully denied the assistance of counsel on his motion to withdraw his guilty plea." Id.

On the other hand, the Supreme Court agreed with Carter that his

> right to a direct appeal from the denial of his motion to withdraw his guilty plea was frustrated by the failure of the trial court to inform him of his right to appeal. The appropriate remedy here . . . was to order an out-of-time appeal, which a habeas court has authority to do. Accordingly, the habeas court's judgment must be reversed to the extent it denied Carter relief on his second claim, the frustration of his right to appeal the denial of his motion to withdraw his guilty plea, and the case must be returned to the habeas court with direction to authorize an out-of-time appeal from the denial of Carter's motion to withdraw his guilty plea.

(Citation omitted.) *Carter*, supra at 205 (2). This out-of-time appeal followed.

1. In his first enumeration of error, Carter contends that the trial court erred in failing to appoint counsel to represent him at the hearing on the motion to withdraw his guilty plea. This enumeration is patently meritless. As explained above, the Supreme Court decided this issue adversely to Carter. Accordingly, we are bound by res judicata, as the Supreme Court expressly found "that the habeas court was correct in denying Carter relief on his claim that he was wrongfully denied the assistance of counsel on his motion to withdraw his guilty plea." *Carter*, supra at 204 (1). See *Mitchell v. State*[5] ("[e]ven if we were to consider the merits of Mitchell's appeal, we

---

[4] *Carter v. Johnson*, 278 Ga. 202 (599 SE2d 170) (2004).
[5] *Mitchell v. State*, 265 Ga. App. 192, 194 (593 SE2d 388) (2004).

would be bound by res judicata, as the Supreme Court expressly found that *Brown [v. State]*[6] was distinguishable from Mitchell's case and did not require reversal of the conviction").

2. Carter next argues that his guilty plea was not freely and voluntarily given but was the result of undue pressure from his trial counsel. This argument, too, is without merit.

> After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion. On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence. Where the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citations, punctuation and footnotes omitted.) *Jones v. State.*[7]

A review of the transcript shows that the trial court held a hearing in compliance with Uniform Superior Court Rule 33. Carter informed the trial court that he wished to enter a guilty plea. Under oath, Carter affirmed that the answers he had given on the plea form were true and correct, and that he had signed the form. In response to questions from the trial court, Carter stated that his plea was the result of neither promises of benefit nor threats. He said that he understood that by pleading guilty he was giving up all the rights a defendant has in a criminal trial, including the right to a trial by jury, the right to be represented by counsel, the right to cross-examination of witnesses, the right to take the stand in his own behalf or remain silent, and the right to subpoena witnesses. He also indicated that he understood that he was presumed innocent until proven guilty and that the State had the burden of proving him guilty beyond a reasonable doubt. Following these acknowledgments, the State told the court that the parties had agreed to a sentence of thirty years on the controlled substance charge, with twenty years to serve and ten years on probation, and to a concurrent sentence of ten years on the

---

[6] *Brown v. State*, 250 Ga. 862 (302 SE2d 347) (1983).
[7] *Jones v. State*, 268 Ga. App. 723, 724 (1) (603 SE2d 73) (2004).

firearms charge. The trial court asked Carter if that was his understanding of the plea agreement. Carter indicated that it was. The trial court stated that there was a substantial factual basis for the guilty plea based on the evidence that had already been presented to the jury. Finally, Carter was asked if he wished to withdraw his guilty plea after hearing the sentence of the court. Carter replied, "No."

Carter testified at the hearing on the motion to withdraw the guilty plea that his trial counsel pressured him into pleading guilty. Such testimony "simply presented a matter of witness credibility, which was for the trial court to decide." *Nichols v. State*.[8] "As the final arbiter of the facts, the trial court was authorized to reject [Carter's] self-serving testimony during the hearing on [the] motion to withdraw the plea and find that he entered it knowingly and voluntarily." *Young v. State*.[9] Because the plea transcript supports the trial court's finding that the plea was given freely and voluntarily, the trial court did not abuse its discretion in denying the motion to withdraw the plea.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED MARCH 11, 2005.

*McGee & McGee, James B. McGee III*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.

---

[8] *Nichols v. State*, 253 Ga. App. 512, 514 (1) (559 SE2d 538) (2002).

[9] *Young v. State*, 267 Ga. App. 91, 92-93 (598 SE2d 840) (2004).