S06A0160. JOHNSON v. FAYETTE COUNTY.
(635 SE2d 35)

HUNSTEIN, Presiding Justice.

The Fayette County Marshal's Department ("FCMD") was created in 1983 when the County, acting through its Board of Commis-

---

sioners, adopted Section 2-4 of the Fayette County Code of Ordinances. In August 2003, the Fayette County Sheriff, appellant Randall Johnson, notified the Board that he would no longer jail persons detained by FCMD marshals based on his belief that the Department was not an authorized county police force. After attempts to resolve the dispute proved unsuccessful, Fayette County filed suit seeking injunctive and declaratory relief, contending that the FCMD is a county police force and that the Sheriff was acting illegally by not accepting prisoners arrested by FCMD marshals. The trial court granted summary judgment to Fayette County, finding that on January 1, 1992 the FCMD was an established, operational, and functional county law enforcement agency with full arrest powers. Johnson appeals from that order, and for the reasons that follow, we affirm in part and reverse in part.

1. OCGA § 36-8-1 (b) grants to each county the power to create a county police force. Pursuant to this authority, prior to 1992 any county could create a county police force by electing or appointing a county police force. Ga. L. 1914, p. 142, § 1. See OCGA § 36-8-1 (a). The General Assembly amended OCGA § 36-8-1 in 1992, however, to require voter approval of a resolution or ordinance creating a county police force before it can become effective. Ga. L. 1992, p. 324, § 1; OCGA § 36-8-1 (b) (1). OCGA § 36-8-1 (c) includes a "grandfather" clause rendering the referendum requirement of subsection (b) (1) inapplicable "to any county which has created a county police force prior to January 1, 1992, which county police force remains in existence and operational." Id. at (c).

Johnson contends that the FCMD is not a valid county police force because there was no referendum approving its creation. The County asserts that no referendum was required because the FCMD is a county police force created prior to January 1, 1992. To prevail on summary judgment, therefore, Fayette County was required to demonstrate that there was no genuine issue of material fact and that the undisputed facts established that the FCMD is a county police force created prior to January 1, 1992, which remains in existence and operational. OCGA § 36-8-1 (c). See OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

It is undisputed that the County, acting by and through its Board of Commissioners and pursuant to the authority of OCGA § 36-8-1, established the FCMD in 1983. At that time, a FCMD marshal was responsible for the enforcement of the laws and ordinances of the county, including but not limited to, county zoning, environmental, and business ordinances. In 1989, the Board adopted Resolution No. 89-07, which by its express language expanded the duties of the previously established FCMD by granting to it the powers of county police generally, including the power of arrest and the power to

execute and return warrants and processes, as well as "all the powers of the Sheriff as peace officers in Fayette County."

The plain language of this resolution, which tracks the language in OCGA § 36-8-5 (general powers of county police), demonstrates that by its adoption the Board intended to create within the FCMD a county police force with full police powers. Although Johnson presented evidence that one Board member may have possessed a contrary intent, he points to no language or ambiguity in the resolution in support of an alternative construction. Where the language of a statute, or as in this case, an ordinance, is clear and does not lead to an unreasonable or absurd result, " 'it is the sole evidence of the ultimate legislative intent.' " (Footnote omitted.) *Ray v. Barber*, 273 Ga. 856 (1) (548 SE2d 283) (2001). See *Risser v. Thomasville*, 248 Ga. 866 (286 SE2d 727) (1982) (applying rules of statutory construction to municipal ordinances). We therefore affirm the grant of summary judgment on the issue of whether the FCMD is a county police force created prior to January 1, 1992.

2. Johnson contends that there remain factual issues regarding whether the FCMD was in operation and existence as a county police force on January 1, 1992. Construing the facts and inferences most favorably to Johnson, as the non-moving party, we agree. See *Lau's Corp.*, supra, 261 Ga. at 491.

In opposition to the County's summary judgment motion, Johnson relied on the affidavit testimony of Billy Beckett, the county administrator from 1985 through 2000, and Daniel Lakly, a Fayette County Commissioner from January 1989 until December 1992, both of whom averred that during their tenure the FCMD was only authorized to monitor county property, assist with internal investigations involving county employees, and enforce county ordinances. More specifically, both men stated in their affidavits that during the relevant time period FCMD marshals did not patrol traffic or operate radar devices, did not conduct criminal investigations other than in relation to violations of county ordinances, did not serve warrants or civil process, did not make felony arrests, with the possible exception of one involving a county employee, and the FCMD did not operate as a county police force. This evidence authorizes an inference that the FCMD, although authorized to operate as a county police force on January 1, 1992, was not in operation and existence as such police force as of January 1, 1992. Accordingly, we find the trial court erred in granting summary judgment as to these factual issues.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Melton, J., who concurs in part and dissents in part.*

MELTON, Justice, concurring in part and dissenting in part.

I agree with the majority's conclusion that the FCMD had been properly created prior to January 1, 1992.[1] Because the evidence of record undisputably shows, however, that the FCMD was also both in existence and performing certain police functions as of that date, I respectfully dissent from the majority's holding that a question of fact remains with regard to this issue.

A county police force created prior to January 1, 1992 is grand-fathered and exempted from the procedural requirements of OCGA § 36-8-1 if it "remains in existence and operational" as of January 1, 1992. OCGA § 36-8-1 (c). An entity is operational when it works or is ready to use. In the simplest terms, something is operational if it functions when called upon to do so. Here, the only facts of record show undisputedly that the FCMD was not only capable of functioning when called upon to do so, but that it actually did function to monitor property, investigate County employees, enforce County ordinances, conduct criminal investigations regarding county ordinances, carry firearms, and make at least one felony arrest. In addition, budget excerpts, policy and procedure manuals, minutes of meetings of the Board, police incident reports, citations issued by the officers employed by the FCMD, and the unambiguous language of the resolution itself, all demonstrate that the FCMD existed on January 1, 1992, and remained in existence and in operation as a police force since that pivotal date. Therefore, the FCMD was both operational and operating at the time in question.

Certain unsupported and conclusory legal opinions given by two lay county officials in their affidavits do not alter this result. Both county officials averred that the FCMD did not engage in a number of police activities such as patrolling traffic or using radar. These officials also include the unauthorized legal opinion in their affidavits that the FCMD did not operate as a county police force at the time in question. The inaccuracy of these improper legal opinions, however, is proven by other facts provided in their own affidavits. Both county officials averred that there were, in fact, a number of police functions that the FCMD was carrying out, including criminal investigations, felony arrests, and all of those powers listed in the preceding paragraph. Thus, they admit that the FCMD, despite their erroneous opinion otherwise, was both in existence and performing police functions during their tenure as county officials.[2] As a result, their

---

[1] As of July 13, 1989, the Fayette County Commissioners created the FCMD and granted the FCMD "police power including . . . the power to make arrests and to execute and return criminal warrants and processes . . . and all the powers of the Sheriff as peace officers."

[2] It would be illogical to conclude that a police force cannot be considered operational because it performed some police powers but not others.

unauthorized legal opinion cannot raise a question of fact where the evidence directly contradicts it. See OCGA § 36-8-1 (c); *Southeast Reducing Co. v. Wasserman*, 229 Ga. App. 1 (2) (493 SE2d 201) (1997).

Based on the undisputed evidence that the FCMD was authorized to operate as a county police force, and indeed was in operation and existence as such police force, I would hold that it was not error for the trial court to award summary judgment in favor of the County and against Sheriff Johnson on the Sheriff's claim that the FCMD did not qualify for grandfather status.

DECIDED MAY 8, 2006.

*Walker, Hubert, Gray, Byrd & Christy, Charles W. Byrd, Groover & Childs, William H. Noland*, for appellant.

*DeLong, Caldwell & Bridgers, Michael A. Caldwell, Henry, Spiegel, Fried & Milling, Joseph A. Fried*, for appellee.