### A08A1321. BLASS v. THE STATE.
(667 SE2d 140)

BARNES, Chief Judge.

Rafael Becerra Blass appeals the post-sentencing denial of his motion to withdraw his plea of guilty to aggravated child molestation, a violation of OCGA § 16-6-4 (c). On appeal, Blass contends that his plea was not freely and voluntarily entered; his plea was the product of undue pressure from trial counsel; he did not fully and completely understand the consequences of entering a guilty plea after previously pleading not guilty; and allowing the guilty plea to stand constitutes a manifest injustice.

We review the trial court's denial of Blass' motion to withdraw his guilty plea for a clear and obvious abuse of trial court discretion. Finding no abuse of discretion, we affirm.

In reviewing this appeal, we are guided by *Carter v. State*, 272 Ga. App. 158, 160 (2) (611 SE2d 790) (2005), which articulates the standards by which we consider this appeal. "After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion." (Citation and footnote omitted.) *Weeks v. State*, 260 Ga. App. 129 (578 SE2d 910) (2003). "On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence." (Citation and punctuation omitted.) *Caudell v. State*, 262 Ga. App. 44, 45 (1) (584 SE2d 649) (2003).

Additionally, when

> the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citations and punctuation omitted.) *Johnson v. State*, 260 Ga. App. 897, 899 (1) (581 SE2d 407) (2003).

The petitioner in *Carter* appealed the denial of his motion to withdraw his guilty plea, arguing that his plea was not freely and voluntarily given, but resulted from undue pressure from trial counsel. *Carter*, supra, 272 Ga. App. at 160. The State countered with evidence from the record that the trial court conducted a plea hearing in full compliance with Uniform Superior Court Rule 33, and that Carter gave sworn testimony affirming that he entered a guilty plea knowingly, intelligently and not as a result of undue pressure from counsel. Id. This court found that the State met the burden articulated in *Johnson v. State* and affirmed the trial court's judgment. *Carter*, supra, 272 Ga. App. at 161. Carter also testified that his initial guilty plea resulted from pressure by trial counsel to plead guilty. We found such evidence presented an issue of witness credibility which is a matter that the trial courts retain full discretion to decide. Id.

This appeal essentially presents the same issues. Like the petitioner in *Carter*, Blass contends that his guilty plea was not freely given. The record reflects, however, that Blass testified under oath during his plea hearing that he: (1) wished to plead guilty to the named offense; (2) "thoroughly" understood the guilty plea he intended to enter; (3) understood his rights and intended to waive them; (4) was satisfied with his legal counsel; and (5) entered his plea of guilt freely, and not as a result of promise or threat. In presenting evidence from the hearing establishing that Blass understood the plea agreement, voluntarily entered a guilty plea, understood the rights and consequences of his plea and freely did so, the State met its burden.

With regard to Blass' contention that his guilty plea resulted from undue pressure by his former counsel, including a claim that counsel threatened him and said he could receive the death penalty if convicted, Blass' trial counsel testified otherwise. The trial court decided this credibility issue against Blass, finding Blass' "testimony that he was told he might receive a death sentence to be ludicrous and incredible." Given these facts, the trial court did not abuse its discretion in denying Blass' motion to withdraw his guilty plea.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 19, 2008.

*Michael M. White*, for appellant.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.