**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0476. CRUZ v. THE STATE.

MILLER, Judge.

Sabino Padillo Cruz was granted an out-of-time appeal to challenge the denial of his post-sentencing motion to withdraw his guilty plea to aggravated child molestation (OCGA § 16-6-4 (c)), child molestation (OCGA § 16-6-4 (a) (1)), and burglary (OCGA § 16-7-1 (a)).[1] Cruz contends that the trial court erred in denying his motion to withdraw his guilty plea since his counsel provided ineffective assistance during the plea negotiations and proceedings. We discern no error and affirm.

---

[1] This is the second appearance of this case before our Court. In Cruz's prior appeal, *Cruz v. State*, 311 Ga. App. 527 (716 SE2d 590) (2011), we remanded this case to the trial court for a hearing to determine whether Cruz was entitled to an out-of-time appeal following the denial of his motion to withdraw his guilty plea. Following remand, the trial court entered an order granting Cruz's motion for an out-of-time appeal.

After sentence is pronounced, whether to allow the withdrawal of a guilty plea lies within the trial court's sound discretion, and we review the trial court's decision for manifest abuse of that discretion. On a motion to withdraw a guilty plea, the trial court is the final arbiter of all factual issues raised by the evidence.

(Citations and punctuation omitted.) *Blass v. State*, 293 Ga. App. 346 (667 SE2d 140) (2008).

Here, the record shows that Cruz was charged with aggravated child molestation, two counts of child molestation, and burglary. Herbert Adams, Esq., ("counsel") was appointed to represent Cruz during the criminal proceedings. Since Cruz spoke only Spanish, counsel used interpreters to translate the communications that occurred during their meetings at the jail and during the court proceedings.

Subsequent to Cruz's arraignment, the State proposed a plea offer involving the dismissal of the aggravated child molestation charge, entry of a guilty plea to the child molestation and burglary charges, and a sentence of 20 years to serve 10 years in prison and the balance on probation. Counsel testified that he advised Cruz of the plea offer, the terms, and options, and that he communicated through an interpreter to make sure that Cruz understood. Cruz asked counsel to put the offer in writing, so that he could review it more thoroughly. Accordingly, counsel sent Cruz a letter that

2

fully explained the plea offer's terms and his options. Counsel stated that he met with Cruz again, with the assistance of an interpreter, to review the letter and to ensure that Cruz fully understood his rights.

At a hearing held on July 1, 2002, the terms of the plea offer were expressed to Cruz again on the record, and the State advised that the plea offer would expire on July 5, 2002. The State further stated that if Cruz did not accept the plea offer prior to its expiration, it would proceed to trial on all of the charged offenses. The possible sentencing ranges for each offense were also explained. Cruz's counsel stated that he had advised Cruz of the plea offer, but that Cruz wanted to present a counteroffer for less time in prison and otherwise decided that he wanted a jury trial. Since Cruz did not agree to the sentencing terms of the State's plea offer, his counsel raised the option of a non-negotiated plea; counsel explained that the trial court would not be bound by the parties' sentencing recommendations, but that Cruz would have an opportunity to make a persuasive case for the imposition of a lesser sentence. Counsel advised, however, that he could not guarantee any outcome and wanted Cruz to understand the possible sentence that he was facing, so that he could decide whether to accept the State's plea offer before its expiration. Cruz was asked whether he understood the terms and his options, and he replied, "Yes, sir."

Cruz rejected the State's plea offer. According to counsel, Cruz gave conflicting statements indicating that he did not want to serve 10 years in prison in accordance with the plea offer, and yet that he did not want to proceed to trial.

Subsequently, in September 2002, a non-negotiated plea hearing was conducted. The transcript of the guilty plea hearing reflects that the State then made a sentencing recommendation of 30 years to serve 17 years in prison on the aggravated child molestation charge, and 15 years to serve concurrently on the remaining charges. Cruz's counsel countered by requesting a sentence of 20 years to serve 10 years in prison on all counts concurrently. Cruz was advised that the trial court could impose any sentence allowed by law. Cruz entered a non-negotiated plea of guilty to each of the charged offenses, acknowledging that he had in fact committed the offenses. Cruz testified under oath that he understood the charges of the indictment, the rights that he was waiving by entering the guilty plea, the sentencing ranges for the charged offenses, and the conditions of probation. Cruz further affirmed that no promises or threats had been made in exchange for his guilty plea, that he entered his plea freely and voluntarily, that he was satisfied with his counsel's services, and that he understood all of the questions that he had answered during the plea colloquy. The trial court accepted Cruz's guilty plea, and imposed an

4

aggregate sentence of 30 years to serve 20 years in prison, along with general and special conditions of probation.

Cruz thereafter filed a pro-se motion to withdraw his guilty plea, contending that he did not understand what had transpired at the plea hearing. Following an evidentiary hearing, the trial court denied Cruz's motion.

1. Cruz first contends that he was entitled to withdraw his guilty plea based upon the ineffective assistance provided by his counsel during the plea negotiations and proceedings.

> The Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings. . . . *Hill* [*v. Lockhart*, 474 U. S. 52, 57 (106 SC 366, 88 LE2d 203) (1985)] established that claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland* [*v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)].

(Citations and punctuation omitted.) *Missouri v. Frye*, No.10-444, 2012 U. S. LEXIS 2321, at \*11-12 (II) (A) (U. S. Mar. 21, 2012). To prevail on his claim of ineffective assistance of counsel, Cruz was therefore required to show that his "counsel's representation fell below an objective standard of reasonableness" and that "the outcome of the plea process would have been different with competent advice."

(Citations and punctuation omitted.) *Lafler v. Cooper*, No. 10-209, 2012 U. S. LEXIS 2322, *12-13 (II) (A), (B) (U. S. Mar. 21, 2012). Significantly, a claim of ineffective assistance of counsel is not judged by hindsight. See *Cammer v. Walker*, 290 Ga. 251, 255 (1) (719 SE2d 437) (2011).

Here, it is undisputed that counsel reported the State's favorable plea offer to Cruz. Cruz nevertheless contends that counsel was ineffective in failing to adequately explain the plea offer so that he could understand the terms. He also contends that counsel failed to adequately explain the consequences of entering into the subsequent non-negotiated plea. Cruz's contentions, however, are belied by the record evidence.

The evidence shows that counsel sent Cruz a letter that explained in layman's terms the details of the State's plea offer, along with the option and risks of a non-negotiated plea. Counsel testified that he reviewed and discussed the letter, the terms of the plea offer, and the non-negotiated plea option with Cruz, using an interpreter to communicate during their discussions. Moreover, Cruz was again advised of the terms and the expiration date of the plea offer, along with his options, at a hearing that was transcribed to establish as a matter of record that he had received and understood the information. When Cruz was asked whether he understood the terms and his options, Cruz replied, "Yes, sir."

6

Before a guilty plea is entered the defendant's understanding of the plea and its consequences can be established on the record. This affords the State substantial protection against later claims that the plea was the result of inadequate advice. At the plea entry proceedings the trial court and all counsel have the opportunity to establish on the record that the defendant understands the process that led to any offer, the advantages and disadvantages of accepting it, and the sentencing consequences or possibilities that will ensue once a conviction is entered based upon the plea.

*Frye*, supra, 2012 U. S. LEXIS 2321, at \*14-15 (II) (A). Since these recommended protections were taken in this case, there is record evidence establishing that Cruz was adequately advised regarding the plea offer, his options, and the risks. The evidence also shows that Cruz decided to reject the plea offer since he did not agree to the term proposing a 10-year period of imprisonment. Cruz insisted upon serving no more than 3 years in prison, which was not in accordance with the plea offer.

While Cruz further argues that counsel failed to advise him as to the parole guidelines, which he claims would have resulted in a 34-month term of imprisonment upon his acceptance of the plea offer, there is no record evidence supporting his argument. At the motion hearing, Cruz failed to raise the issue of parole eligibility and failed to present any evidence in support of the factors relevant to calculating the

7

parole guidelines.[2] Moreover, the operation of the parole guidelines did not establish that Cruz's period of incarceration would have been limited to 39 months, as he alleges. The ultimate decision of whether to grant or deny parole is left to the discretion of the State Board of Pardons and Paroles, and thus, a release on parole is not guaranteed.[3] See *Ray v. Carthen*, 275 Ga. 459, 460 (1) (569 SE2d 542) (2002); *Daker v. Ray*, 275 Ga. 205, 206 (2) (563 SE2d 429) (2002) ("The Board's constitutional power to make parole decisions is discretionary. . . . [N]othing in the

---

[2] Cruz has filed a motion to remand this case to the trial court for an evidentiary hearing so that he can attempt to elicit evidence showing that counsel failed to inform him of the parole computations and that his former appellate counsel was ineffective in failing to make sufficient inquiry regarding the plea bargain process during the motion hearing. Notably, however, the trial court previously conducted an evidentiary hearing on Cruz's motion to withdraw guilty plea, and Cruz's new appellate counsel did not file any motions or raise additional claims of ineffectiveness in the trial court prior to pursuing this appeal. Under these circumstances, Cruz is not entitled to a second hearing on the same motion to withdraw guilty plea in order to present additional evidence and claims that were not previously raised and addressed. His motion to remand is therefore denied.

[3] We further note that a failure to inform a defendant of the parole consequences of a guilty plea does not constitute ineffective assistance of counsel. See *Wright v. Hall*, 281 Ga. 318, 321 (2) (d) (638 SE2d 270) (2006); *Argot v. State*, 261 Ga. App. 569 (1) (583 SE2d 246) (2003). Although it is erroneous to misinform a defendant of parole consequences, *Crabbe v. State*, 248 Ga. App. 314 (546 SE2d 65) (2001), there is no evidence that counsel misinformed Cruz in this case.

applicable statutes mandates that the guidelines control the final parole decision.") (citation and punctuation omitted).

Based upon the record evidence, the trial court was authorized to discredit Cruz's contention that counsel was ineffective in his communications and advice regarding the plea offer and the non-negotiated plea. See *Cammer*, supra, 290 Ga. at 255-256 (2); *Blass*, supra, 293 Ga. App. at 347. The evidence reflects that Cruz was fully advised regarding the plea matter, and that he rejected the State's plea offer because he was not in agreement with its sentencing terms. Having received the full and careful advice of counsel, the ultimate decision of whether to plead guilty belonged to Cruz. See *Cammer*, supra, 290 Ga. at 254-255 (1), (2). The fact that Cruz now regrets his decision to reject the State's plea offer affords no basis for relief. "Viewed without the distorting effects of hindsight, . . . counsel's conduct was reasonable in this case." (Citation and punctuation omitted.) Id. at 255 (1).

2. Cruz also argues that his counsel was ineffective in failing to communicate with him using a certified interpreter. Again, no reversible error has been shown.

Notwithstanding Cruz's claim, the evidence shows that counsel recognized the need for interpreters and secured them to communicate with Cruz during their meetings and throughout the court proceedings. During the plea hearings, Cruz was

asked whether he understood the discussions and the questions posed during the plea colloquy, and he responded in the affirmative. "[Cruz] had ample opportunity to inform counsel or the court of any problems with the interpreters, and the fact that he did not do so during the [proceedings] hampers him in meeting his burden to show that counsel's performance in securing interpreters to assist him was inadequate." (Citations and punctuation omitted.) *Pineda v. State*, 288 Ga. 612, 616 (4) (706 SE2d 407) (2011). "[Cruz's] failure to interpose a timely objection to [the interpreters'] qualifications constitutes a waiver of the issue on appeal." (Citation and punctuation omitted.) *Ramos v. Terry*, 279 Ga. 889, 893 (2) (622 SE2d 339) (2005). Moreover, there was no evidence that the translators were not certified or that they mistranslated any of the communications. Under these circumstances, the trial court did not err in finding that Cruz failed to establish his ineffectiveness claim. See *Luviano v. State*, 291 Ga. App. 677, 679-681 (662 SE2d 770) (2008); see, e.g., *Cruz v. State*, 305 Ga. App. 805, 808-809 (2) (700 SE2d 631) (2010); *Duran v. State*, 274 Ga. App. 876, 879-880 (4) (619 SE2d 388) (2005).

3. Cruz contends that his guilty plea was not voluntarily and knowingly entered.

[W]hen the validity of a guilty plea is challenged, the State bears the burden of showing that the plea was voluntarily, knowingly, and intelligently made. The State may do this by showing through the record of the guilty plea hearing that (1) the defendant has freely and voluntarily entered the plea with (2) an understanding of the nature of the charges against him and (3) an understanding of the consequences of his plea.

(Citation and punctuation omitted.) *Blass*, supra, 293 Ga. App. at 346. In this case, the State met its burden through the record reflecting Cruz's sworn testimony given at the non-negotiated plea hearing. See id. at 347. Since the evidence established that Cruz freely and voluntarily entered his non-negotiated guilty plea, the trial court did not err in denying his motion to withdraw the plea. See id. Cruz's dissatisfaction with the imposed sentence affords no basis for reversal.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*