## S12A1451. LUMPKIN COUNTY v. GEORGIA INSURERS INSOLVENCY POOL.
### (734 SE2d 880)

MELTON, Justice.

Following the trial court's grant of summary judgment to the Georgia Insurers Insolvency Pool (GIIP), Lumpkin County appeals, contending that, following the insolvency of the County's regular insurer, GIIP is required to step in and cover the pending workers' compensation claims against the County. Specifically, the County argues that the trial court erred in finding that it is not entitled to coverage under the GIIP because the County's net worth exceeds $25 million. See OCGA § 33-36-3 (4) (G). Alternatively, the County argues OCGA § 33-36-3 unconstitutionally violates the County's due process rights. For the reasons set forth below, we affirm.

1. Viewed in the light most favorable to Lumpkin County, the record shows that the County carried workers' compensation insurance through Southeast U. S. Insurance Company (SEUS). At the time of its insolvency on October 27, 2009, SEUS was handling pending workers' compensation claims against the County. Thereafter, the County submitted the pending claims to GIIP, a legislatively-created nonprofit entity governed by the Georgia Insurers Insolvency Pool Act, OCGA § 33-36-1 et seq. (hereinafter the "Act"). The GIIP is

"responsible for the investigation, adjustment, compromise, settlement, and payment of *covered claims*;[1] for the investigation, handling, and *denial of noncovered claims*; and for the management and investment of funds administered by the pool." (Emphasis supplied.) OCGA § 33-36-2. The Act also provides certain exceptions from GIIP coverage under OCGA § 33-36-3 (4) (G), which states in relevant part:

> A covered claim shall not include . . . any third party claim relating to a policy of an insured whose net worth exceeds $25 million on December 31 of the year next preceding the date the insurer becomes an insolvent insurer; provided, however, that an insured's net worth on such date shall be deemed to include the aggregate net worth of the insured and all of its subsidiaries and affiliates as calculated on a consolidated basis . . . .

OCGA § 33-36-3 (4) (G).

Upon receiving the County's claims, GIIP wanted to determine whether those claims fell under the net worth exemption. Accordingly, pursuant to OCGA § 33-36-9,[2] GIIP requested financial information from the County to determine the County's net worth. After assessing the County's financials, GIIP filed a declaratory action requesting the trial court to determine whether it was responsible for the pending claims. Subsequently, GIIP filed a motion for summary judgment, which was granted after the trial court determined Lumpkin County's net worth to be $66,812,946, thereby triggering the exemption from coverage.

2. The County contends that this ruling was erroneous because the term "net worth" is inapplicable to government entities, and, instead, the applicability of the $25 million exemption under the Act should be assessed based on the County's "net assets." The County argues that the bulk of its assets, including land, roads, bridges, and government buildings are restricted from use and are thus unavailable to meet its obligations or satisfy liabilities. Based on the County's calculation of its own net assets, it only has $5.6 million with which

---

[1] The Act defines a covered claim, in part, as one which "[a]rises out of a property or casualty insurance policy issued by an insurer which becomes an insolvent insurer which was authorized to do an insurance business in this state either at the time the policy was issued or when the insured event occurred." OCGA § 33-36-3 (4) (A) (i).

[2] This statute provides: "The pool shall have the authority to establish procedures for requesting financial information from insureds on a confidential basis for purposes of applying Code sections concerning their net worth . . . ."

to meet these obligations. As a result, the County maintains that it should receive coverage for its claims from the GIIP. This argument is misplaced.

As an initial matter, this Court has expressly held that the GIIP and the net worth exclusion of OCGA § 33-36-3 (4) (G) apply to counties as "legal entities" under the Act. *Georgia Insurers Insolvency Pool v. Elbert County*, 258 Ga. 317 (368 SE2d 500) (1988). Moreover, the language of OCGA § 33-36-3 (4) (G) is plain and unambiguous, and we construe the Act based on the plain language of the statute. "As long as the (statutory) language is clear and does not lead to an unreasonable or absurd result, 'it is the sole evidence of the ultimate legislative intent.' " *Shorter College v. Baptist Convention of Ga.*, 279 Ga. 466, 470 (1) (614 SE2d 37) (2005) (quoting *Ray v. Barber*, 273 Ga. 856 (548 SE2d 283) (2001)). Black's Law Dictionary defines "net worth" as "[a] measure of one's wealth, usu[ally] calculated as the excess of total assets over total liabilities," and provides that "net assets" is a synonymous term. Black's Law Dictionary, p. 1747 (9th ed. 2011). The Act makes no distinction or exception for public entities such as the County, and there is no evidence to suggest the legislature intended to exempt the County and those similarly situated from the purview of the Act. Moreover, there is no statutory authority for the County's argument that "net assets" should only refer to "unrestricted net assets." In essence, the County wishes to rewrite the existing statute to add this additional limitation on the definition of "net assets." This Court, however, is not in the business of rewriting unambiguous statutory authority. See *Abdulkadir v. State*, 279 Ga. 122, 124 (2) (610 SE2d 50) (2005) ("[a] court of law is not authorized to rewrite the statute by inserting additional language that would expand its application"). Therefore, we hold the trial court did not err in excluding the County from GIIP protection based on the net worth exemption.

3. Lumpkin County also argues the Act is unconstitutional as applied, because it assesses a fee against the County for which it cannot receive any benefit, thus violating the County's due process rights. " 'The constitutional guaranty that no person shall be deprived of his property without due process of law does not apply to the revenues of a county, since a county is a public corporation existing only for public purposes . . . .' " (Citations omitted.) *Bibb County v. Hancock*, 211 Ga. 429, 440 (3) (86 SE2d 511) (1955). Therefore, the County does not possess due process rights by which to challenge the constitutionality of the Act, and its argument premised on any such right necessarily fails.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 19, 2012.

*Horne & Horne, Kelso C. Horne, Jr., Joy L. Edelberg, Peter R. Olson,* for appellant.

*Michael J. Gorby, Jeffrey D. Cooper, Mary D. Peters, Tony C. Jones,* for appellee.