# Court of Appeals
# of the State of Georgia

ATLANTA,  April 16, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1312. DALE SCOTT DAVIES v. COOK COUNTY SUPERIOR COURT et al.**

In 2013, Dale Scott Davies pleaded guilty to aggravated assault, robbery, burglary in the first degree, false imprisonment, and theft by taking. In 2017, he filed a "Motion to Set Aside Void judgment." The trial court denied the motion, and we dismissed Davies's subsequent application for discretionary review for lack of jurisdiction. See Case No. A18D0135 (October 26, 2017). Davies thereafter filed a civil action against several defendants involved in his criminal case, including the superior court, the superior court judge, the prosecutor, and his appointed counsel. In his civil action, Davies requested that his criminal conviction be vacated because the trial court lacked jurisdiction to hear his criminal case and sought $10,000,000 in damages. The trial court dismissed the complaint for failure to state a claim upon which relief could be granted, and Davies filed this direct appeal. We lack jurisdiction for several reasons.

First, as Davies is incarcerated, his appeal is controlled by the Prison Litigation Reform Act of 1996. See OCGA § 42-12-1 et seq. OCGA § 42-12-8 requires that an appeal of a civil action filed by a prisoner "shall be as provided in Code Section 5-6-35[,]" which requires an application for discretionary appeal. Accordingly, we are unable to consider Davies's direct appeal. See *Jones v. Townsend*, 267 Ga. 489 (480 SE2d 24) (1997).

Moreover, regardless of how it is styled, a motion challenging an allegedly void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690

SE2d 150) (2010). Davies's appeal is also subject to dismissal because he is not authorized to collaterally attack his conviction in this manner. See id. See also *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); *Daker v. Ray*, 275 Ga. 205, 206 (1) (563 SE2d 429) (2002) (holding that the trial court correctly denied prisoner's filing because a civil action is not an appropriate method of challenging the validity of a criminal conviction and sentence).

Finally, the dismissal of Davies's earlier discretionary application constitutes an adjudication on the merits, and thus the doctrine of res judicata also bars his current attempt to challenge his conviction. See *Hook v. Bergen*, 286 Ga. App. 258, 260-261 (1) (649 SE2d 313) (2007). See also *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000) ("It is axiomatic that the same issue cannot be relitigated ad infinitum.").

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/16/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*